MARTINSON (MARTIN), Appellant, vs. POLK COUNTY, Respondent.

*March 15—April 12, 1938.*

*W. T. Doar* of New Richmond, for the appellant.

*Charles D. Madsen,* district attorney of Polk county, and *James L. McGinnis* of Amery, for the respondent.

FAIRCHILD, J. In passing upon the question of the existence of evidence that any negligence of plaintiff was a proximate cause of his injury, we must consider that he was driving over a road used by him many years, that no notice had come to him that a ditch had been cut across the path he had a right to believe still existed. The contour of the land was such that he would naturally be at the point the evidence

shows he was when the ditch suddenly became apparent. Under the law as outlined in cases mentioned in the companion case, plaintiff was not guilty of any negligence in expecting to travel a road that had been available to him for a long time, and the situation in which he found himself was due entirely to failure on the part of the county to give warning of its construction of what, without such warning, would be something in the nature of a trap. The short distance between him and the danger point at the time he was able to see it left him no opportunity to do anything to save himself. The testimony offered with respect to defective brakes might be of consequence under different circumstances, but not here where he was helpless if his brakes were perfect. Assuming the brakes defective, their condition was not a proximate cause. In view of the failure to give any warning of a dangerous condition in the highway as a result of its operations, the county cannot be heard to claim that plaintiff was negligent in using the highway, and the general situation being such as to cause the plaintiff to believe that a long-continued condition still existed, he did not fail to exercise ordinary care in that respect. Plaintiff's motion to change the jury's answers to the indicated questions relating to proximate cause and the apportionment of the attributable negligence should have been granted by the court. *Tande v. Vernon County,* 226 Wis. 602, 276 N. W. 359.

*By the Court.*—Judgment reversed, and cause remanded with directions to change the answer to question 5 from Yes to No; the answer to question 10 from fifty per cent to one hundred per cent; to strike out the answers to questions 6 and 11, and to grant plaintiff judgment on the verdict as amended.